UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLEARENT, LLC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-01857-SNLJ |
| | ) |
| DAVID NACION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Currently before the Court is plaintiff Clearent, LLC.'s motion for civil contempt (#14). For the reasons set forth below, that motion will be **DENIED**.

### I. BACKGROUND

On January 2, 2019, this Court granted the parties' stipulation and entry of consent judgment and injunction order, adopting also its injunctive language. Accordingly, at that time defendant Wing Leong was enjoined from:

> [D]irectly or indirectly soliciting or contacting any party identified on [the parties'] unique Prohibited Customers Lists (attached as Exhibit A to their respective Confidential Separation Agreement and Release), for the purpose, directly or indirectly, of providing processing services or offering processing services provided by a third-party, or otherwise encouraging the party to terminate a Merchant Services Agreement with Clearent or its associated financial services provider until October 23, 2021.

Clearent now alleges that Leong is in violation of the injunctive order, having purportedly solicited a number of third parties on the prohibited customer list for the purpose of encouraging them to take their business to CardPointe, a competitor of Clearent. On May 2, 2019, this Court entered a show-cause order that gave Leong a final

1

opportunity to explain why he should not be held in civil contempt for failing to comply with the injunction order. Leong responded, explaining in essence that customers reach out to him, not the other way around. Clearent counters arguing that it "makes no sense" to believe Leong did not "directly or indirectly" contact these customers and goes on to suggest it is a "crabbed interpretation" to say that the injunctive order permits "client-initiated contacts."

More specifically, Leong says that he "never approached any of the customers on his list," but instead "some of the customers directly approached [him] with no solicitation." Leong suggests this happened because he "understands their [Chinese] culture, language, and needs" and because Clearent has no one that can effectively service these needs. As Leong puts it, "[t]he instant matter is a case of the market taking a natural course with no direct or indirect solicitation by [him.]" He emphasizes that he "has even advised a number of clients on the list that he would prefer not to write their business when contacted by said clients sue sponte." Clearent argues, however, that "when a Clearent customer on the List, Chinese speaking or otherwise, contacts [Leong] about switching their business to his new employer, and [he] acquiesces to their request, he is clearly in contact with them and directly or indirectly encouraging them to terminate their agreement with Clearent."

**II. ANALYSIS**

A party commits civil contempt when he "violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *In Re Reed*, 888 F.3d 930, 936 (8th Cir. 2018). "[C]ivil

2

contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801 (2019); *see also Acosta v. La Piedad Corp.*, 894 F.3d 947, 950-951 (8th Cir. 2018) ("[T]he contempt power is a most potent weapon, and we review the grant of a contempt order more searchingly than a denial."). That is to say, civil contempt is a "severe remedy" that necessitates "those enjoined [to] receive explicit notice of what conduct is outlawed before being held in civil contempt." *Taggart*, 139 S.Ct. at 1802. A party's subjective belief that he was complying with an order does not suffice, however, as the "standard is generally an objective one … the absence of willfulness does not relieve from civil contempt." *Id*. The party seeking a civil contempt order "bears the burden of proving facts warranting such relief by clear and convincing evidence." *Acosta*, 894 F.3d at 951.

The Court finds the stipulated injunctive order is vague and therefore, as guided by *Taggart*, declines to hold Leong in civil contempt. Indeed, there is "fair ground of doubt" whether the injunctive order's language precludes customer-initiated contact, a point presupposed by Clearent. Strictly interpreted, it is Leong who is prohibited from "soliciting or contacting [a customer on the list]"—that does not automatically suggest the language can be, or was intended, to work in reverse. And the Court does not read the prohibition against "encourag[ing] the [customer] to terminate a Merchant Services Agreement with Clearent" to mean that Leong had an absolute duty to turn away customers that sought him out on their own accord. Even if this reading of the injunctive order is a colorable one, there is still no "explicit notice of what conduct is outlawed,"

3

and thus *Taggart* urges restraint in applying the otherwise strong medicine of civil contempt. *See* 139 S.Ct. at 1802.

Moreover, the applicable standard is *clear and convincing* evidence. *Acosta*, 894 F.3d at 951. Yet, Clearent appears satisfied, instead, to buttress its arguments with conjecture and supposition. Leong declares that he did not contact the customers at issue. Clearent counters that declaration only by suggesting that it is "unlikely" to be true since, in its view, "customers would [not] have even known about [Leong's] departure unless he directly or indirectly alerted them to this fact." Again, that may or may not be true, but the standard is not one of guesswork—it is one of clear and convincing evidence.

At bottom, the Court understands and appreciates the arguments by both sides. Clearent has a valid concern against Leong "poaching" its customers; Leong, meanwhile, is resolved to say that it is not poaching when he did nothing, himself, to bring customers to his business beyond accepting them when they turn up seeking his services (and only after trying to turn at least some of them away). Does the injunctive order speak to this dispute? Perhaps it does on the peripheries, but it does not do so *clearly* and *explicitly* in the same way that it unmistakably bars Leong from directly seeking out and telling customers to leave Clearent. In this otherwise close-call situation, the Court cannot in good conscience conclude that there was a clear violation of the injunctive order sufficient to find Leong in contempt. *See Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (remarking that the "contempt power is a potent weapon" and requires the underlying order to be framed "so that those who must obey them *will know* what the court intends to require and what it means to

forbid" (emphasis added)); *Furminator, Inc. v. Kim Laube & Co., Inc*., 2010 WL 43666845 (E.D. Mo. Oct. 28, 2010) (close-call scenario mandated deciding against finding of contempt).

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Clearent, LLC.'s motion for civil contempt (#14) is **DENIED**.

Dated this 17th of June 2019.

                                                                         _____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE